# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| | : | |
| v. | : | Magistrate No. 25-10156 |
| | : | |
| LUCIANO TINUAR QUINO, | : | **CRIMINAL COMPLAINT** |
| a/k/a "Luciano Tinuar Guino," | : | |
| "Luciano Tinuar" | : | |

I, Jessica Norfleet, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

*/s/ Jessica Norfleet*

_____
Jessica Norfleet, Special Agent
Federal Bureau of Investigation

Special Agent Jessica Norfleet attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A) on this 12th day of May 2025.

*/s/ Michael A. Hammer*

_____
Hon. Michael A. Hammer
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE
(Making a False, Fictitious, and Fraudulent Statement)

On or about April 28, 2022, in Essex County, in the District of New Jersey and elsewhere, the Defendant,

**LUCIANO TINUAR QUINO,**
a/k/a "Luciano Tinuar Guino,"
"Luciano Tinuar,"

did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations, as set forth in paragraph 15, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely in an Office of Refugee Resettlement Family Reunification Application seeking to sponsor Unaccompanied Alien Child-1, knowing that such statements and representations were materially false, fictitious, and fraudulent.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
(Making a False, Fictitious, and Fraudulent Statement)

On or about June 7, 2022, in Essex County, in the District of New Jersey and elsewhere, the Defendant,

**LUCIANO TINUAR QUINO,**
**a/k/a "Luciano Tinuar Guino,"**
**"Luciano Tinuar,"**

did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations, as set forth in paragraph 26, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely in an Office of Refugee Resettlement Family Reunification Application seeking to sponsor Unaccompanied Alien Child-2, knowing that such statements and representations were materially false, fictitious, and fraudulent.

In violation of Title 18, United States Code, Section 1001(a)(2).

## ATTACHMENT B

### Introduction

I, Jessica Norfleet, am a Special Agent with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence, as well as information that is publicly available. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Introduction

1. From in or around March 2025 continuing to the present, law enforcement agents have been investigating Luciano Tinuar Quino, a/k/a "Luciano Tinuar Guino," a/k/a "Luciano Tinuar" ("TINUAR QUINO"), for offenses related to false statements made to a department within the Executive branch.

2. TINUAR QUINO is a Guatemalan national born on January 10, 1968. On or about September 4, 2016, TINUAR QUINO illegally entered the United States and thereafter resided in New Jersey. On or about August 8, 2022, de voluntarily departed the United States.

### Background: The Department of Health and Human Services' Office of Refugee Resettlement Unaccompanied Alien Children Program

3. Unaccompanied Alien Children ("UACs") are individuals who had no lawful immigration status in the United States, are under 18 years of age, and have no parent or legal guardian in the United States or no parent or legal guardian in the United States who is available to provide care and physical custody.

4. The Department of Health and Human Services' ("HHS") Office of Refugee Resettlement ("ORR") usually retains custody of UACs until they: (1) are released to a parent, guardian, relative, or other qualified sponsor; (2) are transferred to foster care; or (3) turn 18 years old.

5. The process of releasing a UAC from ORR custody to a sponsor involved several steps, including, but not limited to, the identification of sponsors, the submission of a sponsor application, and an assessment of sponsor suitability, which included verification of the sponsor's identity and relationship, if any, to the child.

6. All potential sponsors are required to submit a "Family Reunification Application" and documents that verified the sponsor's identity and relationship claimed between the sponsor and the UAC, among other documents. Many sponsors also submit an "Authorization for Release of Information."

7. A birth certificate indicating a familial relationship with the UAC is among a list of acceptable documents to demonstrate the relationship between the sponsor and the UAC.

8. A government-issued identification card containing the name and photograph of the potential sponsor is among the list of acceptable documents to demonstrate the identity of the potential sponsor.

9. After submission of the Family Reunification Application, Authorization for Release of Information, and other documents, ORR evaluates the materials, takes other assessment actions, and determines whether an individual is an appropriate sponsor before releasing a child to the sponsor from ORR custody.

10. UACs who have been apprehended by law enforcement are transferred to HHS's ORR, which is responsible for the care and custody of UACs awaiting immigration proceedings.

**TINUAR QUINO's Family Reunification Application to Sponsor UAC-1 and Authorization for Release of Information Containing False Statements**

11. UAC-1 was a 15-year-old male Guatemalan national when he illegally entered the United States on or about April 4, 2022.

12. After his apprehension by DHS, UAC-1 was transferred to HHS-funded care facilities on or about April 5, 2022, where he remained for approximately 44 days.

13. TINUAR QUINO submitted to ORR two sets of the Spanish-language versions of a Family Reunification Application and an Authorization for Release of Information seeking to sponsor UAC-1 as UAC-1's father. The first set contained signatures dated April 6, 2022, for the application, and April 6, 2021,[1] for the Authorization for Release of Information. The second set contained signatures dated April 28, 2022. The April 6 and April 28 Family Reunification Applications contain

---

[1] Based on my review of the file, including the corresponding Family Reunification Application, and given UAC-1's entrance date into the United States, I believe the date "2021" on the Authorization for Release of Information was a mistake and should have been "2022."

several differences, including but not limited to different household cohabitants listed.

14. TINUAR QUINO also submitted with the above documents a Guatemalan national identification card containing the name "A.S.T."

15. In the Family Reunification Applications to sponsor UAC-1, TINUAR QUINO made multiple materially false statements, including:

   a) TINUAR QUINO falsely stated that his name was "A.S.T.";

   b) TINUAR QUINO falsely stated that he was born on October 8, 1973; and

   c) TINUAR QUINO falsely stated that UAC-1 was his son, when in fact, TINUAR QUINO and UAC-1 had no parent-child relation.

16. TINUAR QUINO signed the Family Reunification Applications and Authorizations for Release of Information using the name "A.S.T."

17. The Family Reunification Applications to sponsor UAC-1, which TINUAR QUINO signed, included the following declarations:

   a) "I declare and affirm under penalty of perjury that the information contained in this application is true and accurate to the best of my knowledge."

   b) "I attest that all documents I am submitting or copies of those documents are free of error and fraud."

18. In the Authorizations for Release of Information related to TINUAR QUINO's applications to sponsor UAC-1, which TINUAR QUINO signed under the penalty of perjury, TINUAR QUINO falsely claimed his name was "A.S.T."

19. In support of the Family Reunification Applications to sponsor UAC-1, TINUAR QUINO submitted the following photos to falsely demonstrate his identity and father-son relationship to UAC-1. The photo in the identification card in Figure 1 does not appear to be TINUAR QUINO, the individual who is holding the identification card in Figure 2. To demonstrate his relationship with UAC-1, TINUAR QUINO also submitted Figure 3, which he asserted was a photo of himself with UAC-1's mother. Figure 3 is a photo-shopped image of TINUAR QUINO standing next to a floating woman with a partially cropped head and feet.



(Figure 1)



(Figure 2)



(Figure 3)

20. On or about May 17, 2022, based on false representations by TINUAR QUINO, including that he was UAC-1's father and that his name was A.S.T., ORR approved the application for TINUAR QUINO to sponsor UAC-1.

21. On or about May 19, 2022, UAC-1 was transported from an HHS-funded care provider in Los Fresnos, Texas, to Orange, New Jersey, to live with TINUAR QUINO.

- 4 -

**TINUAR QUINO's Family Reunification Application to Sponsor UAC-2 and Authorization for Release of Information Containing False Statements**

22. UAC-2 was a 17-year-old male Guatemalan national when he illegally entered the United States on or about June 3, 2022.

23. After his apprehension by DHS, UAC-2 was transferred to HHS-funded care facilities on or about June 4, 2022, where he remained for approximately two months.

24. TINUAR QUINO submitted and caused to be submitted to ORR the Spanish-language versions of a Family Reunification Application and an Authorization for Release of Information, dated June 7, 2022, seeking to sponsor UAC-2 as UAC-2's father.

25. TINUAR QUINO also submitted with the above documents a Guatemalan national identification card containing the name "J.R.M."

26. In the Family Reunification Application to sponsor UAC-2, TINUAR QUINO made multiple materially false statements, including:

   a) TINUAR QUINO falsely stated that his name was "J.R.M.";

   b) TINUAR QUINO falsely stated that he was born on February 15, 1984; and

   c) TINUAR QUINO falsely stated that UAC-2 was his son, when in fact, TINUAR QUINO and UAC-2 had no parent-child relation.

27. TINUAR QUINO signed the Family Reunification Application to sponsor UAC-2, which included the same declarations identified above.

28. In the Authorization for Release of Information related to TINUAR QUINO's application to sponsor UAC-2, which TINUAR QUINO signed under the penalty of perjury, TINUAR QUINO made at least one materially false statement, namely that his name was "J.R.M."

29. In support of the Family Reunification Application to sponsor UAC-2, TINUAR QUINO submitted the following photos to falsely demonstrate his identity and father-son relationship with UAC-2. The photo of a man in the identification card in Figure 4 does not appear to be TINUAR QUINO, the individual who is holding the identification card in Figure 5. Nor does the individual pictured in the identification card in Figure 4 appear to be the same individual, TINUAR QUINO, pictured in Figures 6 and 7, which further indicates that TINUAR QUINO has misrepresented his real identity in the submission of this application.




(Figure 4)           (Figure 5)




(Figure 6)           (Figure 7)

30. Based on concerns regarding the truthfulness of the claims made in TINUAR QUINO's application to sponsor UAC-2, including those regarding TINUAR QUINO's real identity and relationship to UAC-2, ORR did not approve the application.